UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | | |
|---|---|---|
| JOSEPH NABAKA and AUDREYA, MCLEAN a/k/a AUDREYA NABAKA, | ) | Case No.: 1:21-cv-20533-PCH |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **RUSHMORE LOAN MANAGEMENT SERVICES, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

_____

**MOTION TO DISMISS COMPLAINT**

**COMES NOW,** the Defendant, RUSHMORE LOAN MANAGEMENT SERVICES, LLC, by and through undersigned counsel and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and hereby files this Motion to Dismiss Complaint filed by Plaintiffs, and in support thereof, states as follows:

1. The Plaintiffs filed the subject Complaint against Defendant on February 8, 2021, wherein Plaintiffs allege six (6) separate counts for relief against Defendant that include: (1) Violation of 12 C.F.R. §1024.35(e) and 12 U.S.C. §§2605(e) and (k) (RESPA); (2) Violation of 12 C.F.R. §1024.36(d) and 12 U.S.C. §§2605(e) and (k) (RESPA); (3) Violation of 15 U.S.C. §1692e(2)(A) (FDCPA); (4) Violation of 15 U.S.C. §1692e(8) (FDCPA); (5) Violation of 15 U.S.C. §1692e(10) (FDCPA); and (6) Violation of §559.72(9), Fla. Stat. (FCCPA).

2. As confirmed by the Complaint, Defendant services the mortgage loan encumbering Plaintiff's real property, which is currently in default and the subject of a mortgage

foreclosure action currently pending Miami-Dade County Circuit Court, Case No. 2018-029735-CA-01 (*J.P. Morgan Mortgage Acquisition Corp. v. Audreya McLean Nabaka, Joseph Nabaka, et al.*).

3. While Plaintiffs' Complaint contains various generic legal conclusions couched as factual allegations, a full review of the Complaint reveals that the main underlying factual allegation upon which all of the causes of action asserted by Plaintiffs are based arise out of the circumstances surrounding a loan modification offered by Defendant to Plaintiffs back in December of 2015.

4. Pursuant to the terms of the modification agreement, the loan modification would become permanent after a 10-month trial payment period. Additionally, the first payment under the modification was due January 1, 2016, and the modification required that an escrow account be set up for purposes of paying the annual taxes and insurance. Please see Exhibit 2 attached to Plaintiffs' Complaint.

5. According to the allegations contained in the Complaint, the Defendant "failed to timely disburse the hazard insurance premium from the [Plaintiffs'] escrow account that was due in or around November 2015", approximately two (2) months prior to the subject loan modification establishing the escrow account. Please see ¶43 of Complaint.

6. Plaintiffs go on to allege that they paid the insurance premium personally and "were due a reimbursement for the same from [Defendant] as the Modification established an escrow account". Please see ¶44 of Complaint. Interestingly, Plaintiffs do not mention or reference fact that the insurance premium was allegedly due and paid prior to the Modification Agreement effective date.

7.  Subsequently, the Defendant reimbursed Plaintiffs' for the insurance premium in June 2016, which ultimately lead to a negative escrow balance in the mortgage loan account and increased monthly escrow payment (especially once added to the amount that needed to be collected monthly to pay the next annual insurance premium). Please see ¶45 and 47 of Complaint. Again, the Plaintiffs fail to mention or reference the fact that the escrow account was just established upon the start of the modification, and that the account had a zero balance at the start of the modification. Please see Exhibit 2 attached to the Complaint.

8.  Even though it is obvious and expected that an escrow advance against an escrow account with a $0 balance would create a deficiency in the escrow account, Plaintiffs' go on to allege that it was the Defendant that "improperly caused [the] escrow deficiency". Please see ¶48 of Complaint.

9.  As a result of the escrow deficiency, the monthly payments in turn increased, and rather than pay the increased amount, Plaintiffs chose to continue sending in the lower initial monthly payment under the modification, thereby leading to Plaintiffs ultimately defaulting under the modification and not successfully completing same. Please see ¶51 of Complaint. While Plaintiffs point this fact out in their Complaint, they fail to direct the Court's attention to the terms of the Modification agreement, attached as Exhibit 2 to the Complaint, which specifically states in Section 3 (C) that the "escrow payments may be adjusted periodically in accordance with applicable law and therefore my total monthly payment may change accordingly".

10. After defaulting under the modification, Plaintiffs proceeded to file various complaints with the Florida Office of Financial Regulation, CFPB, and Office of the Florida Attorney General, and after that tactic didn't work for Plaintiffs, they began the process of sending

various requests to Defendant demanding various documents and records unrelated to the servicing of the loan. Specifically, Plaintiffs sent a Request for Information and Notice of Errors letters to Defendant on or about May 13, 2020, and again on November 17, 2020. Please see Exhibits 4, 5 and 8 attached to the Complaint.

11. Defendant timely acknowledged and responded to the request letters, but unsurprisingly, Plaintiffs were not satisfied with the responses, even though their requests were clearly duplicative of each other and of past complaints and requests addressed with the Florida Office of Financial Regulation, CFPB, and Office of the Florida Attorney General.

12. As Plaintiffs' own Complaint, allegations, and exhibits attached thereto demonstrate, all these requests and complaint made were related to the failed loan modification offered in December 2015 and the insurance premium paid in November 2015 for which Plaintiffs demanded a refund of from Defendant that lead to a negative escrow balance and higher monthly payments. More specifically, the requests were directed to escrow disbursements made almost four (4) years before the date of the request letters.

13. Against this factual background, as established by Plaintiffs' Complaint and attachments thereto, Plaintiffs have alleged various violations under RESPA, FDCPA, and FCCPA (Florida's version of the FDCPA). Pursuant to the below memorandum of law, Plaintiffs' Complaint fails to state a claim upon which relief can be granted and should be dismissed.

## MEMORANDUM OF LAW

### Standard of Review

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of

FL2021-00185

what the . . . claim is and the grounds upon which it rests." *Conley* v. *Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957) While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, *ibid.; Sanjuan* v. *American Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (CA7 1994), a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see *Papasan* v. *Alain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level, see 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp 235-236 (3d ed. 2004) (hereinafter Wright & Miller) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"), on the assumption that all the allegations  in the complaint are true (even if doubtful in fact), see, *e.g.*, *Swierkiewicz* v. *Sorema N. A.*, 534 U.S. 506, 508, n. 1, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002); *Neitzke* v. *Williams*, 490 U.S. 319, 327, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations"); *Scheuer* v. *Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").See *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

"When considering [facial] challenges, the court must, as with a Rule 12(b)(6) motion, take the complaint's allegations as true." *Carmichael v. Kellogg, Brown & Root Services, Inc.*, 572 F.3d 1271, 1279 (11th Cir. 2009) "However, [the court is] not required to accept mere conclusory allegations as true, nor [is it] required to accept as true allegations in the complaint that are contrary to factual details presented in the exhibits. Rather, 'when the exhibits contradict the general and

conclusory allegations of the pleading, the exhibits govern.'" *Lawrence v. U.S.*, 597 Fed. Appx. 599, 602 (11th Cir. 2015). "Exhibits to the complaint are considered a part of the complaint for all purposes, [] and may therefore be considered in deciding a motion to dismiss." *Id.*

**Count One – Violations of 12 C.F.R. §1024.35(e) and 12 U.S.C. §§2605(e) and (k)**

**(Failure to timely and properly respond to NOE #1 and NOE #2)**

Count One of Plaintiffs' Complaint alleges Defendant violated 12 C.F.R. §1024.35(e) and 12 U.S.C. §§2605(e) and (k) and seeks statutory and actual damages. The underlying basis for Plaintiff's allegations surround the two (2) separate Notice of Error letters of May 13, 2020 and November 17, 2020, wherein Plaintiffs alleged various errors relating to the mortgage loan arising out of the January 2016 loan modification and the 2015/2016 hazard insurance escrow advance. Even though Plaintiffs admit in their Complaint that Defendant timely and substantively responded to the Notice of Error letters, Plaintiffs nonetheless argue that Defendant violated the previously said statutory provisions, because Defendant "did not admit that any errors occurred as alleged" (¶86), "did not perform a reasonable investigation" (¶87), "claimed that no errors occurred" (¶88), and "claimed that the errors alleged were duplicative of a prior notice of error" (¶89).

Contrary to Plaintiffs' legally conclusory allegations, a closer review of Plaintiffs' Complaint, along with the Defendant's 125-page Response to the Notice of Error letter attached as Exhibit 6 to the Complaint, reveals that Plaintiffs' allegations don't really concern Defendant's compliance with §1024.35(e), but rather, Plaintiffs are dissatisfied and disagree with the substance of the response they received from Defendant. Plaintiffs' dissatisfaction with the Defendant's Response does not give rise to a cause of action under 12 C.F.R. §1024.35(e) and 12 U.S.C. §§2605(e) and (k). A review of Exhibit 6 clearly indicates that Defendant did in fact "perform a reasonable investigation" and provided the Plaintiffs with the "written notification" required under

§1024.35(e)(1)(i)(B). Additionally, Defendant's Response also advised the Plaintiffs that their requests are "Duplicative" and enclosed copies of the three (3) prior Responses Defendant had sent Plaintiffs.  Pursuant to §1024.35(g)(1)(i), Defendant was not even required to comply with §1024.35(e) with respect to the Notice of Error letters, as the errors asserted by Plaintiffs in the letters were "substantially the same as an error previously asserted by the borrower for which the servicer has previously complied with its obligation to respond". Defendant even attached its three (3) previous responses to its Responses to the Notice of Errors referenced in the Complaint. A review of all the responses reveals that all the responses concerned "substantially the same" issue, which was the 2016 loan modification and 2015/2016 insurance escrow advance.

With respect to Plaintiffs' claim for damages for this Count, they have failed to plead with the required particularity, a showing or causal relationship between the alleged RESPA violations (i.e., failure to respond timely/properly to request) and the actual damages. Please see, *Hintz v. JPMorgan Chase Bank, NA,* 686 F.3d 505, 510-11 (8th Cir. 2012) (damages for a RESPA claim must be pled with particularity showing that a failure to respond or give notice has caused actual harm). Additionally, Plaintiffs failed to plead "actual" damages. Plaintiffs have pled they suffered damages by way of incurring attorney's fees and costs in sending their multiple requests to Defendant and defending the mortgage foreclosure action. However, attorney's fees and costs do not constitute actual damages. Please see, *Whittier v. Ocwen Loan Servicing, LLC,* 594 Fed. Appx. 833, 836-837 (5th Cir. 2014) (attorney's fees and costs incurred as result of alleged RESPA violation does not constitute "actual" damages). While Plaintiffs make vague and general claims of emotional distress, inability to get SBA loan, and harm to credit rating, there is absolutely no specific showing of a causal relationship between the alleged RESPA violations (i.e., failure to respond timely/properly to request) and the actual damages.

FL2021-00185

In summary, Defendant was not required to respond to the subject Notice of Errors under §1024.35(g)(1)(i), as they were duplicative of prior requests already responded to by Defendant, and notwithstanding this exception, Defendant still provided a detailed, 125-page response that clearly indicates the Defendant performed a "reasonable investigation" and provided Plaintiffs with the "written notification" required under §1024.35(e)(1)(i)(B). To the extent Plaintiffs are "confused or unsatisfied" with the Defendant's Response, that does not rise to a violation of RESPA or 12 C.F.R. §1024.35(e) and 12 U.S.C. §§2605(e) and (k). Please see, *Bates v. JPMorgan Chase Bank, NA,* 768 F.3d 1126, 1134-35 (11th Cir. 2014) (Court found there is no RESPA violation where borrower was merely "confused and/or unsatisfied" with the answer from the servicer where servicer provided written explanation for its belief that borrower's account was correct). The fact that the substance of a response may not be what the receiving party wants to hear does not negate the fact a response was given, and in this case, a 125-page response was provided (not to mention the multiple responses previously provided). Additionally, Plaintiffs failed to plead actual damages with the required particularity, a showing or causal relationship between the alleged RESPA violations (i.e., failure to respond timely/properly to request) and the actual damages. In light of the foregoing, all of which is established by Plaintiffs' own Complaint and attachments thereto, this Count fails to state a claim upon which relief can be granted and should be dismissed.

## Count Two – Violations of 12 C.F.R. §1024.36(d) and 12 U.S.C. §§2605(e) and (k)

## (Failure to timely and properly respond to RFI #1 and RFI #2)

Count Two of Plaintiffs' Complaint, similar to Count One, alleges the Defendant violated 12 C.F.R. §1024.36(d) and 12 U.S.C. §§2605(e) and (k) and seeks statutory and actual damages. The underlying basis for Plaintiff's allegations surround the two (2) separate Request for

Information letters, dated May 13, 2020 and November 17, 2020, which were sent along with the Notice of Error letters of May 13, 2020 and November 17, 2020 that are the subject of Count One. In the Request for Information letters, each of which is 7 pages long, Plaintiffs alleged various errors/disputes relating to the mortgage loan arising out of the January 2016 loan modification and the 2015/2016 hazard insurance escrow advance. Plaintiffs also requested various documentation, some of which related to servicing of the loan and some of which had absolutely no relation to servicing and mirrored more of a discovery request in a lawsuit rather than a request permitted under §1024.36(d). Even though Plaintiffs admit in their Complaint that Defendant timely and substantively responded to their Request for Information letters, along with and at the same time as its response to the Notice of Error letters, Plaintiffs nonetheless argue that Defendant violated the previously said statutory provisions, because Defendant "failed to provide various documents requested" (¶114). Plaintiff further alleges that Defendant failed to respond to their 2nd Request for Information letter that was sent a few months after the first Request (¶123).

Contrary to Plaintiffs' legally conclusory allegations, a closer review of Plaintiffs' Complaint, along with the Defendant's 125-page Response to the Notice of Error and Request for Information letter attached as Exhibit 6 to the Complaint, reveals that Plaintiffs' allegations don't really concern Defendant's compliance with §1024.36(d), but rather, just like Count One, Plaintiffs are again dissatisfied and disagree with the substance of the response they received from Defendant. Plaintiffs' dissatisfaction with the Defendant's Response does not give rise to a cause of action under 12 C.F.R. §1024.36(d) and 12 U.S.C. §§2605(e) and (k). A review of Exhibit 6 clearly indicates that Defendant did in fact provide the "borrower with the requested information and contact information…" and complied with all requirements in §1024.36(d)(1). Additionally, Defendant's Response also advised the Plaintiffs that their requests are "Duplicative" and enclosed

copies of the three (3) prior Responses Defendant had sent Plaintiffs. Pursuant to §1024.36(f)(1)(i), Defendant was not even required to comply with §1024.36(d) with respect to the Request for Information letters that are the subject of this Count, as the requested information in the letters were "substantially the same as information previously requested by the borrower for which the servicer has previously complied with its obligation to respond". Defendant even attached its three (3) previous responses to its Responses (Exhibit 6 to Complaint). A review of all the responses reveals that they all concerned "substantially the same as information previously requested by the borrower for which the servicer has previously complied with its obligation to respond". As such, Defendant was exempt from the requirements of §1024.36(d), pursuant to §1024.36(f)(1)(i).

With respect to Plaintiffs' claim for damages for this Count, they have failed to plead with the required particularity, a showing or causal relationship between the alleged RESPA violations (i.e., failure to respond timely/properly to request) and the actual damages. Please see, *Hintz v. JPMorgan Chase Bank, NA,* 686 F.3d 505, 510-11 (8th Cir. 2012) (damages for a RESPA claim must be pled with particularity showing that a failure to respond or give notice has caused actual harm). Additionally, Plaintiffs failed to plead "actual" damages. Plaintiffs have pled they suffered damages by way of incurring attorney's fees and costs in sending their multiple requests to Defendant and defending the mortgage foreclosure action. However, attorney's fees and costs do not constitute actual damages. Please see, *Whittier v. Ocwen Loan Servicing, LLC,* 594 Fed. Appx. 833, 836-837 (5th Cir. 2014) (attorney's fees and costs incurred as result of alleged RESPA violation does not constitute "actual" damages). While Plaintiffs make vague and general claims of emotional distress, inability to get SBA loan, and harm to credit rating, there is absolutely no specific showing of a causal relationship between the alleged RESPA violations (i.e., failure to

respond timely/properly to request) and the actual damages.

In summary, Defendant was not required to respond to the subject Requests for Information under §1024.36(f)(1)(i), as they were duplicative of prior requests already responded to by Defendant, and notwithstanding this exception, Defendant still provided a detailed, 125-page response that clearly indicates the Defendant did in fact provide the "borrower with the requested information and contact information…" and complied with all requirements in §1024.36(d)(1). Plaintiffs' Requests (Exhibits 4 and 8) also requested information and documents that that did not concern, or have anything to do with, the "servicing" of the loan.  Please see, *Knopp v. J.P. Morgan Chase Bank & Co.,* 684 Fed. Appx. 579, 581 (7th Cir. 2017) ("RESPA requires responses only to written inquiries that seek information regarding the servicing of the loan."); and *Diedrich v. Ocwen Loan Servicing, LLC,* 2020 U.S. Dist. LEXIS 104327 (E.D. Wis. 2020) ("for an inquiry to be a qualified written request it must relate to the "servicing" of the loan…[and] 'Servicing' means 'receiving any periodic payments from a borrower pursuant to the terms of any loan, including amounts for escrow accounts ... , and making the payments of principal and interest and such other payments with respect to the amounts received from the borrower as may be required' by the terms of the loan.") citing and quoting, *Perron v. J.P. Morgan Chase Bank, N.A.*, 845 F.3d 852, 857 (7th Cir. 2017); *Mikulski v. Wells Fargo Bank, N.A.*, No. 17-CV-179, 2017 U.S. Dist. LEXIS 136834, at *6 (E.D. Wis. Aug. 25, 2017). The fact that the substance of a response may not be what the receiving party wants to hear does not negate the fact a response was given, and in this case, a 125-page response was provided (not to mention the multiple responses previously provided). Additionally, Plaintiffs failed to plead actual damages with the required particularity, a showing or causal relationship between the alleged RESPA violations (i.e., failure to respond timely/properly to request) and the actual damages. In light of the foregoing, all of which is

established by Plaintiffs' own Complaint and attachments thereto, this Count fails to state a claim upon which relief can be granted and should be dismissed.

**Counts Three, Four, and Five – Violations of 15 U.S.C. §§1692e(2)(A), 1692e(8), and**

**1692e(10) (FDCPA Claims)**

Counts Three, Four, and Five of Plaintiffs'  all allege separate causes of action for violations of 15 U.S.C. §1692e of the FDCPA. Count Three alleges Defendant violated §1692e(2)(A) in that Defendant "falsely represented the character, amount, or legal status of Plaintiffs' mortgage" in the monthly mortgage statements, which reflected the past due status of the loan along with the amounts owed under the loan for advances and fees. Count Four alleges Defendant violated §1692e(8), because "based on [Plaintiffs'] information and belief", Defendant "reported false information concerning the character, legal status, or amount of Plaintiff's mortgage to certain reporting agencies" (¶142), as the monthly mortgage statement sent by Defendant states that "Late payments, missed payments or other defaults on your account may be reflected in your credit report" (¶141). Count Five alleges Defendant violated §1692e(10) by "using false representations and deceptive means in an attempt to collect a debt from Plaintiffs", due to the fees and advances that are due and owing under the loan.

 While all three (3) counts concern different alleged violations of the FDCPA, they all concern and relate back to the same event from which this case arose, which is the failed loan modification offered in December 2015 and the insurance premium paid in November 2015 for which Plaintiffs demanded a refund of from Defendant that lead to a negative escrow balance and higher monthly payments. These events occurred over four (4) years ago. Under §1692k(d), an action for an alleged violation of §1692e must be brought "within one year from the date on which the violation occurs". While Plaintiffs have attempted to artfully plead Counts Three, Four and

Five in a manner so as to avoid this one-year limitation, an overall review and consideration of Plaintiff's Complaint and exhibits attached thereto make clear that this action is based upon matters that occurred over four (4) years prior to the filing of this action, which is the 2015/2016 failed loan modification and insurance escrow advance episode. As such, Counts Three, Four and Five should be dismissed as they are barred by the statute of limitations contained in §1692k(d).

In addition to being barred by the statute of limitations, Counts Three, Four and Five also fail to state a claim upon which relief can be granted, as they are nothing more than general, conclusory legal conclusions without any supporting allegations of fact. See, *Papasan* v. *Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level, see 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp 235-236 (3d ed. 2004) (hereinafter Wright & Miller) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action").

In light of the foregoing, Counts Three, Four and Five should be dismissed.

### Count Six – Violation of §559.72(9), Fla. Stat. (FCCPA Claim)

Count Six of the Complaint alleges Defendant violated §559.72(9), Fla. Stat., by "claiming, attempting, or threatening to enforce a debt when [Defendant] knew that the debt was not legitimate, or asserting the existence of some other legal right when [Defendant] knew that right did not exist" (¶161). Just like Counts Three, Four, and Five, Count Six also concerns and relates back to the same event from which this case arose, which is the failed loan modification offered in December 2015 and the insurance premium paid in November 2015 for which Plaintiffs demanded a refund of from Defendant that lead to a negative escrow balance and higher monthly

payments. These events occurred over four (4) years ago. Pursuant to §559.77(4), Fla. Stat., an action under §559.72(9) "must be commenced within 2 years after the date the alleged violation occurred". A review of the Complaint and exhibits attached thereto clearly shows that Count Six (and entire Complaint) arises out of the events that occurred over four (4) years ago. As such, Count 6 should be dismissed as it is barred by the statute of limitation contained in §559.77(4).

In addition to being barred by the statute of limitations, Count Six also fails to state a claim upon which relief can be granted, as it contains nothing more than general, conclusory legal conclusions without any supporting allegations of fact. See, *Papasan* v. *Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level, see 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp 235-236 (3d ed. 2004) (hereinafter Wright & Miller) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action").

In light of the foregoing, Count Six should be dismissed.

**WHEREFORE,** Defendant respectfully requests entry of an Order dismissing Plaintiffs' Complaint with prejudice, awarding Defendant all attorneys' fees and costs incurred in having to defend this action as authorized under the relevant statutory provisions, and for any further relief deemed just and proper.

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify a true and correct copy of the foregoing was served by CM/ECF,

facsimile transmission and/or U.S. Mail on March 25, 2021, to the following parties:

<u>**VIA CM/ECF**</u>

Joseph and Audreya Nabaka
c/o Jessica L. Kerr, Esq.
The Advocacy Group
100 S. Biscayne Blvd., Ste. 3122
Miami Beach, FL 33131
Email: service@advocacypa.com
Email: jkerr@advocacypa.com

Joseph and Audreya Nabaka
c/o DannLaw
P.O. Box 6031040
Cleveland, OH 44103
notices@dannlaw.com

Respectfully submitted,

/s/Ezra Scrivanich
Ezra Scrivanich, Esq.
Florida Bar No.28415
MCMICHAEL TAYLOR GRAY, LLC
3550 Engineering Drive, Suite 260
Peachtree Corners, GA 30092
Telephone: (404) 474-7149
Facsimile: (404) 745-8121
E-mail:escrivanch@mtglaw.com
Attorney for Defendant

FL2021-00185