UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:21-cv-20533-PCH/Becerra

JOSEPH NABAKA and AUDREY
MCLEAN a/k/a AUDREYA NABAKA,

    Plaintiffs,

v.

RUSHMORE LOAN MANAGEMENT
SERVICES, LLC,

    Defendant.
_____/

**REPORT AND RECOMMENDATION
ON DEFENDANT'S MOTION TO DISMSISS COMPLAINT**

**THIS MATTER** is before the Court on Defendant, Rushmore Loan Management Services, LLC's ("Defendant" or "Rushmore") Motion to Dismiss Complaint ("Motion to Dismiss"). ECF No. [12]. Plaintiffs Joseph Nabaka and Audreya McLean a/k/a Audreya Nabaka ("Plaintiffs") filed their Response in Opposition to Defendant's Motion to Dismiss Complaint ("Response"). ECF No. [15]. Defendant did not reply to Plaintiffs' Response. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636 by the Honorable Paul C. Huck, United States District Judge. ECF No. [17]. Upon review of the briefs, the pertinent portions of the record, and for the reasons stated below, the undersigned respectfully recommends that Defendant's Motion to Dismiss be **DENIED.**

    **I.**    **FACTUAL BACKGROUND**

Plaintiffs filed their Complaint on February 8, 2021 pursuant to the Real Estate Settlement Procedures Act ("RESPA"), the Fair Debt Collection Practices Act ("FDCPA"), and Florida's Consumer Collection Practices Act (FCCPA"). ECF No. [1]. Specifically, Plaintiffs' Complaint

1

alleges six (6) separate counts for relief against Defendant that include: (1) Violation of 12 C.F.R. §1024.35(e) and 12 U.S.C. §§ 2605(e) and (k) (RESPA); (2) Violation of 12 C.F.R. § 1024.36(d) and 12 U.S.C. §§ 2605(e) and (k) (RESPA); (3) Violation of 15 U.S.C. § 1692e(2)(A) (FDCPA); (4) Violation of 15 U.S.C. §1692e(8) (FDCPA); (5) Violation of 15 U.S.C. §1692e(10) (FDCPA); and (6) Violation of §559.72(9), Fla. Stat. (2010) (FCCPA). *Id.*

Plaintiffs' allegations stem from the Home Affordable Modification Agreement (the "Modification Agreement") that Plaintiff Joseph Nabaka entered into with Defendant in connection with the real property located at 5300 Alton Road, Miami Beach, Florida 33140 (the "Home"). The effective date of the Modification Agreement is January 1, 2016. Rushmore is the current servicer, on behalf of non-party J.P. Morgan Mortgage Acquisition Corporation ("J.P. Morgan"), of the loan on the Home, which encompasses a note and the mortgage executed by Plaintiffs (the "Loan").

Pursuant to the Modification Agreement, Rushmore was instructed to capitalize all expenses incurred prior to the Modification Agreement into the new principle balance of the Loan. Plaintiffs allege that taxes and insurance under the Loan were properly escrowed, but Rushmore failed to timely disburse the hazard insurance premium from Plaintiffs' escrow account that was due in November 2015. As a result, Plaintiffs allege that Rushmore's failure to timely disburse the funds caused Plaintiffs' escrow payment to increase dramatically over the payments required under the Modification Agreement. Plaintiffs contend that they tried to notify Rushmore of the error multiple times, while continuing to make good faith payments as required by the Modification Agreement. However, Plaintiffs state that in January 2018, Rushmore refused to accept Plaintiffs' payment on the grounds that it fell short of the amount due after the dramatic increase—which Plaintiffs allege was caused by Rushmore.

As a result, J.P. Morgan commenced a foreclosure action on August 30, 2018, based on Plaintiffs' alleged default.  Thereafter, on or around May 13, 2020, Plaintiffs sent a Request for Information ("RFI") pursuant to 12 C.F.R. §1024.36 ("RFI No. 1") and a Notice of Error ("NOE") pursuant to 12 C.F.R. § 1024.35 ("NOE No. 1") to Rushmore.  RFI No. 1 "requested that Rushmore provide information related to the Loan and Rushmore's servicing thereof including escrow analyses for the Loan since 2014, loss mitigation information related to the Loan, and any force-placed insurance policies covering the Home." *Id.* at 10.  NOE No. 1 "alleged that Rushmore committed multiple errors in relation to the Loan including", but not limited to, failing to credit Plaintiffs' full payments under the Modification Agreement as required by 12 U.S.C. §1026.36(c)(1)(i).  *Id.*  Rushmore responded to RFI No. 1 and NOE No. 1 on June 30, 2020, claiming that no errors had occurred.

Plaintiffs allege that Rushmore did not provide various documents requested by RFI No. 1, including "Escrow analyses from 2014 to present, inspection reports for alleged inspections, and customer service notes." *Id.* at 11.  On November 17, 2020, Plaintiffs sent a second RFI ("RFI No. 2") requesting that Rushmore produce certain documents, and a second NOE ("NOE No. 2") re-alleging the errors stated in NOE No. 1.  Although Rushmore emailed a notice of receipt to Plaintiffs on November 30, 2020, Plaintiffs allege that Rushmore has yet to provide a substantive response to RFI No. 2 and NOE No. 2.  Instead, Plaintiffs allege that Rushmore just provided a duplicative response, including the same documents and position as its first response in June 2020.

Plaintiffs filed a Complaint that included the following counts and allegations: Count I alleges a violation of 12 C.F.R. 1024.35(e) and 12 U.S.C. §§ 2605(e) and (k) for Defendant's alleged failure to timely and properly respond to NOE Nos. 1 and 2; Count II alleges a violation of 12 C.F.R. 1024.36(d ) and 12 U.S.C. §§ 2605(e) and (k) for Defendant's alleged failure to timely

and properly respond to RFI Nos. 1 and 2; Count III alleges a violation of 15 U.S.C. § 1692e(2)(A) for Defendant's alleged misrepresentation of the character, legal status, and amount of the debt; Count IV alleges a violation of 15 U.S.C. § 1692e(8) for Defendant's alleged communication of credit information which is known or should have been known to be false; Count V alleges a violation of 15 U.S.C. §1692e(10) for Defendant's alleged use of a false representation and deceptive means in an attempt to collect a debt; and Count VI alleges a violation of §559.72(9), Fla. Stat. (2010) for Defendant allegedly claiming, attempting, or threatening to enforce a debt with knowledge it is not legitimate. ECF No. [1]. Defendant filed its Motion to Dismiss, ECF No. [12]. After Plaintiffs filed their Response, ECF No. [15], this Court entered an Order instructing Defendant to file a reply to Plaintiffs' Response if it disputed the arguments, noting that if Defendant did not file a reply, the Court would "consider Plaintiffs' arguments conceded by Defendant." ECF No. [16]. Defendant elected not to file a reply.

## II.     LEGAL STANDARD

When reviewing a motion to dismiss, a court must view the complaint in the light most favorable to the plaintiff and accept the plaintiff's well-pleaded facts as true. *Hunt v. Aimco Properties, L.P.*, 814 F.3d 1213, 1221 (11th Cir. 2016). However, a court need not accept a plaintiff's legal conclusions as true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Therefore, "[t]o survive a motion to dismiss, a complaint must contain sufficient *factual* matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (emphasis added) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A pleading is facially plausible when the plaintiff states enough facts for the court to draw a "reasonable inference that the defendant is liable for the [alleged conduct]." *Id.* The factual allegations must provide more than a "sheer possibility." *Id.*

## III.   ANALYSIS

In its Motion to Dismiss, Defendant argues that Plaintiffs' Complaint should be dismissed as to all counts. Plaintiffs filed their Response and as noted above, the Defendant elected not to file a reply. On August 30, 2021, the undersigned held a status conference to inquire if Defendant was withdrawing its Motion to Dismiss given that, as the record stood, it had conceded to Plaintiffs' arguments. ECF No. [24]. However, Defendant stated that although it elected not to reply and understood the Court's intention to consider the arguments conceded, it nevertheless sought the Court's review of the Motion to Dismiss.

**Counts I and II:**   Specifically, as to Counts I and II, Defendant argues that Plaintiffs' allegations do not give rise to a cause of action. ECF No. [12]. Defendant contends that it properly responded to Plaintiffs' NOEs and RFIs and performed a reasonable investigation, all in accordance with 12 C.F.R. §§ 1024.35(e), 1024.36(d). *Id.* at 6–12. In the Response, Plaintiffs argue that they have adequately plead each of their claims. ECF No. [15]. As to Count I, Plaintiffs argue that the adequacy of Defendant's response to Plaintiffs' NOEs is a question of fact that should not be determined at the initial pleading stage. *Id.* at 2–5. As to Count II, Plaintiffs contend that they have "sufficiently alleged both a cause of action for Defendant's violations of RESPA in relation to RFI [No. 1] and RFI [No. 2] and damages resulting actually and proximately resulting from the same." *Id.* at 13. Finally, Plaintiffs contend that, contrary to Defendant's argument, any issue in connection with the duplicative nature of the RFI is irrelevant because, pursuant to 12 C.F.R. § 1024.36(f)(2), "Defendant was obligated to send a written notice to Plaintiffs indicating that it had reasonably determined that [Plaintiffs' RFI] was duplicative." *Id.* at 11–12 (emphasis omitted).

Upon review, the undersigned finds that Plaintiffs' factual allegations, accepted as true, are sufficient to state a claim for relief. Indeed, Plaintiffs provide supporting factual allegations that Defendant failed to timely and properly respond to Plaintiffs' NOE No. 1 and NOE No. 2 and allege actual damages resulting thereof. As to Count II, the undersigned finds that, if accepted as true, the allegations are sufficient to state a claim for relief. Indeed, Plaintiffs provide supporting factual allegations that Defendant failed to timely and properly respond to Plaintiffs' RFI No. 1 and RFI No. 2, and allege actual damages resulting thereof. Indeed, as to Count I and II, Defendant advances the argument that investigation and responses provided were, in fact, sufficient. *Id*. at 6–7, 9–10. This kind of factual analysis, however, goes well beyond a determination as to whether the cause of action has been sufficiently plead and is an analysis that is not required at this stage of the proceedings. In addition, the damages have been plead with sufficient particularity that a dismissal on this ground is not warranted.

**Counts III, IV and V**: As to Counts III, IV, and V, Defendant contends that Plaintiffs' claims are time barred, given that Plaintiffs' alleged violation occurred four years ago, and that they fail to state a claim. ECF No. [12] at 12. As to the issue of whether the cause of action is time barred, Plaintiffs respond that Defendant is incorrect because Defendant has continued to violate the Modification Agreement and the Loan "by continuing to attempt to collect debts (within the [Statue of Limitations]) and committing new and separate violations of the [Modification Agreement] and the FDCPA (also occurring within the [Statute of Limitations])." ECF No. [15] at 13. Given the continuous violation, Plaintiffs contend that they filed their action within one year of the most recent date in which Defendant violated the applicable statutes, and that Defendant failed to provide any legal authority that would suggest Plaintiffs' actions are barred. *Id.* at 14–16.

Given the continuing nature of the alleged violation, the Court finds that Counts III, IV and V should not be dismissed as time barred. *See Padilla v. Payco Gen. Am. Credits, Inc.*, 161 F. Supp. 2d 264, 273 (S.D.N.Y. 2001) (claims are not time barred where the "action is filed within one year of the most recent date on which the defendant is alleged to have violated the [FDCPA]"); *Kaplan v. Assetcare, Inc.*, 88 F. Supp. 2d 1355, 1360 (S.D. Fla. 2000) (even where some of the alleged FDCPA violations have occurred outside of the statute of limitations period, a court may "assert jurisdiction over plaintiff's claims . . . based on the non-time-barred" alleged violations). The allegations in each were continuing in nature and the suit was filed within the time requirements at least as to the last alleged violation. Defendant cites to no authority for its proposition that the time begins to run at the first violation, even when, as alleged here, the violation continued.

In addition, Defendant's argument that these allegations are not sufficient to state a cause of action is also without merit. Notwithstanding the fact that Defendant's Motion to Dismiss fails to specify what the deficiencies are with these Counts, Plaintiffs' allegation that Defendant misrepresented the amount that Plaintiffs owed in their monthly mortgage statements is sufficient, if accepted as true, to state a claim for relief. As to Count IV, Plaintiffs allege that Defendant provided specific information regarding late payments in the mortgage statement which Plaintiffs claim are false given their allegation that they made timely payments. The undersigned finds Plaintiffs' factual allegations as to Count IV are sufficient to state a claim for relief. As to Count V, Plaintiffs allege that Defendant incorrectly and deceptively charged Plaintiffs for unnecessary fees, including property preservation fees, loss mitigation fees, and insurance fees, which caused Plaintiffs to suffer damages. The factual allegations as to Count V are sufficient to state a claim for relief.

**Count VI:** As to Count VI, Defendant argues that such claim is time barred, given that Plaintiffs' alleged violation for Count VI occurred four years ago, and that the allegations fail to state a claim. ECF No. [12] at 13–14. Specifically, Defendant contends that, "[p]ursuant to §559.77(4), Fla. Stat., an action under §559.72(9) 'must be commenced within 2 years'" of the alleged violation. *Id.* at 14. In addition, Defendant contends that the pleading fails to state a cause of action. *Id.* In its Response, Plaintiffs contend that Count VI should not be dismissed for the same exact reasons that their claims under the FDCPA should not be dismissed. ECF No. [15] at 16–17. Specifically, Plaintiffs state that their FCCPA claim is "based on the same exact facts" as those under the FDCPA. *Id.* at 16. Plaintiffs maintain that they never stopped making the proper payments under the Modification Agreement and Defendant improperly determined that Plaintiffs were delinquent in their payments, thereby causing an increase of fees and costs to Plaintiffs' account. As such, Plaintiffs contend that Defendant violated the FCCPA because Defendant "knew or should have known these charges were not legitimate based on [Plaintiffs'] numerous disputes outlining the errors for Rushmore." *Id.*

The undersigned finds Plaintiffs have adequately plead their claim for relief under Count VI. They have sufficiently plead the ongoing nature of the alleged violation; Defendants have provided no authority to the contrary. As to the sufficiency, the claims here, which are the same as those in Count V, are also plead with specificity and Defendant has failed here, too, to identify how the claim fails to state a cause of action.

IV. **RECOMMENDATION**

For the foregoing reasons, the Court **RECOMMENDS** that Defendant's Motion to Dismiss, ECF No. [12], be **DENIED**.

## V.     OBJECTIONS

A party shall serve and file written objections, if any, to this Report and Recommendation with the United States District Court Judge for the Southern District of Florida, within **THREE (3) DAYS** of being served with a copy of this Report and Recommendation.  There is good cause to limit the time to file objections given that Defendant did not file a reply and concedes the arguments made by Plaintiffs. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this Recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, on September 23, 2021.

_____
JACQUELINE BECERRA
United States Magistrate Judge